## LIPPINCOTT'S EXECUTOR *vs.* LIPPINCOTT.

1. An executor has no power to sell the lands of his testator, unless directed to do so by the will, either expressly, or by implication.

2. The appointment of one as executor of a will that directs lands to be sold, does not, of itself, confer on him the power to sell. But if the executor is directed by the will, or bound by law, to see to the application of the proceeds of the sale, or if the proceeds, in the disposition of them, are mixed up and blended with the personalty—which it is the duty of the executor to dispose of and pay over—then a power of sale is conferred on the executor by implication.

This case was argued upon the bill, and the answer of the infant defendants by their guardian.

*Mr. J. Wilson,* for complainant, *ex parte.*

THE CHANCELLOR.

The object of the complainant is, to have a construction of the will of his testator, and the directions of this court as to his duty and power in selling the lands of his testator.

The testator, besides his personal property, owned two farms; one of ninety acres, on which he resided, called the Duell farm, the other, of twelve acres, called the Clark property. In his will, he directs that, at the expiration of two years, the Duell farm should be sold, and gives to his wife, Lydia, one third of the proceeds of the sale, and one third of the personal property for her support. He gives to her the Clark property for her home while she may live, and adds, "that is to say, Lydia is to have the Clark property as her home during her natural life, and, if found necessary for her support, to sell the Clark property, and use the proceeds as she may conclude. The balance of my property to be divided among my children, or their heirs, share and share alike."

The will does not decide by whom the lands shall be sold,

further than above stated. The bill states that the widow and children desire that the Duell farm shall be sold, and also, that the Clark property may be sold, and with the proceeds a place purchased more suitable for the widow and her family to reside upon.

The prayer is, that a construction may be given to the will, and that the complainant may be permitted to execute it under the direction of the court.

An executor has no power to sell the lands of his testator, unless directed to do so by the will, either expressly, or by implication. In this will there is no express direction that he shall sell. He cannot, unless the power arises by implication.

The appointment of one as executor of a will that directs lands to be sold, does not, of itself, confer on him the power to sell. *Patton* v. *Randall*, 1 *Jac. & W.* 189. But if the executor is directed by the will, or bound by law, to see to the application of the proceeds of the sale, or if the proceeds, in the disposition of them, are mixed up and blended with the personalty—which it is the duty of the executor to dispose of and pay over—then a power of sale is conferred on the executor by implication. 1 *Sug. on Powers* 134 *and* 139 ; 1 *Williams on Ex'rs* 580, 581 ; 2 *Redfield on Wills* 124 ; *Forbes* v. *Peacock*, 11 *Sim.* 152 ; *S. C.*, 11 *Mees. & Wels.* 630 ; *S. C.*, 12, *Sim.* 528 ; *Tylden* v. *Hyde*, 2 *Sim. & Stu.* 238 ; *Ward* v. *Devon*, cited in 11 *Sim.* 152 ; *Robinson* v. *Lowater*, 17 *Beav.* 592 ; *S. C.*, 5 *DeG., M. & G.* 272 ; *Davoue* v. *Fanning*, 2 *Johns. C. R.* 252 ; *Bogert* v. *Hertell*, 4 *Hill* (*N. Y.*) 492.

The proceeds of the Duell farm are, by the will, blended and mixed up with the personal estate, which must be distributed and paid over by the executor. This is the case, both with the one third given to the widow, and with the other two thirds, which forms part of the balance of his property to be divided among his children. The executor has power to sell the Duell farm, but he cannot sell it until two years after the death of the testator. No wish or desire

of the widow or children could confer on him that power. The testator has directed that it shall not be sold within that time.

The proceeds of the Clark farm are not, for any purpose, blended or given away with the personal property; and the executor has, in no case, the distribution of them. If it does not become necessary for the support of the widow to sell it, at her death it will go to the children; they take it as real estate. If it shall be sold under the direction in the will, the proceeds go to the widow, to use as she may conclude, or as she pleases, the effect of which is, that they belong to her absolutely, and are in no case to be disposed of by the executor.

The words of the will seem to give the power of sale to the widow herself; but the condition of its exercise, which is, "if found necessary for her support," would indicate that some one else should determine the necessity. And her desire to have a different or more suitable place for her residence is certainly not the necessity for her support designated in the will, and would not authorize the sale of it. If it is once sold, she will be the absolute owner of the proceeds. A sale by her, in which the children should all join, would give title. On a bill filed by her to complete a sale made, and to compel the children to join, this court, upon being satisfied that the sale was necessary for her support, might direct the children to join in the conveyance, and thus give a complete title.